ALBANY,
October, 1823.

VANDER ZEE
v.
VAN DYCK.

chattels. How is it as to choses in action ? There are some conflicting authorities upon the question, whether a mere equitable interest can be transferred in this manner, as where the donor delivers a bond payable to himself ; and the doubt arises from its being actionable in the name of the donor only. But the interest in a promissory note passes by mere tradition. There is no pretence in this case that the note was not delivered. It takes effect independent of consideration.

*Foot,* mentioned to the Court, that· he thought this a question of probable cause, merely ; and submitted, whether they would not grant a rule to stay proceedings, with a view to have the questions, involved in the case, more fully examined than they could be upon this motion.

WOODWORTH, J. We think the case, as made, is against you.

SAVAGE, Ch. J. We entertain no doubt, that the note was a *donatio causa mortis.*

Motion denied.·

---

### VANDER ZEE *against* VAN DYCK.

In *case*, for a malicious prosecution, the venue will be changed to the county where the cause of action arose, without regard to the number of witnesses, unless the plaintiff stipulate to give material evidence arising in the county where he has laid his venue.

(a) 9 *John.* 249.

CASE, for a malicious prosecution, before a Justice of the Peace of the county of *Greene ;* but the venue was laid in the county of *Albany.*

*Foot* moved to change the venue, from *Albany* to *Greene.*

*P. Gansevoort,* contra, shewed, on the usual affidavit, that the plaintiff had a greater number of material witnesses residing in *Albany*, than the defendant had sworn to on his part, as residing in *Greene.*

*Foot.* The application comes within *Duryee* v. *Orcott,*(a) . and the plaintiff cannot retain his venue unless he stipulate to give material evidence arising in *Albany.* The action is for a tort, and within the meaning of the rule laid down in the case cited.

*Curia.*   The motion must be granted, unless the plaintiff stipulate to give material evidence arising in the county of *Albany.*

Motion granted.(*b*)

ALBANY,
October 1823.

MUMFORD
v
STOCKER.

(*b*) Vid. *Se-
rially* v. *Wells,
ante,* 196.

## MUMFORD *against* STOCKER.

THE *cap. ad. resp.* was returnable at *August* term, 1822, and the defendant holden to bail for the amount of the *ac etiam,* which was $674,44, and special bail was put in accordingly.   A declaration was filed, a rule to plead entered, and a copy, with notice of the rule, served on the defendant's attorney, the 24*th* day of *April,* 1823.   The declaration contained one count  in debt, for $774,44, on a judgment of this Court ; and another count, in debt, for $100, for work and labour.   *May* 28*th,* the plaintiff filed an amended  declaration, and entered  the  usual rule to plead, but no rule had been entered allowing the amendment. This amended declaration was  served on the defendant's attorney, with notice of the rule, *May* 30*th,* 1823.   The amendment was by  changing the first count into one for $674,44 debt, and $23,65 costs, on a judgment in the *Seneca Common Pleas* ; and the second count into one for $76,35, for work and labour, &c.   The defendant disregarded the amended declaration, and pleaded to  the  first declaration, payment and satisfaction to the first count, and *nil debet* and the statute of limitations to the other.   These pleas were served upon the plaintiff's attorney, *June* 21, 1823. *July* 5*th,* thereafter, the plaintiff entered  the  following rule :

The defen-
dant has no
right to move
for  judgment
as in case of
nonsuit,    till
all the plead,
ings  in  the
cause are car-
ried to an is-
sue.
   The defen-
dant  cannot
move to  se
aside the pro-
ceedings  for
variance, be-
tween the a-
mount in the
*ac etiam,* and
the declara-
tion ;
   Especially,
after he  has
pleaded to the
declaration
thus varying
from the *ac e-
tiam,* though
it  be  after-
wards amen-
ded, and the
same objection
exist against
the amended
declaration.
   Whether
special    bail
may move to

be discharged on  this ground, and if so, at what stage of the cause ?   Quere.
   Whether, under such a rule, the plaintiff may amend by adding a new count ?   Quere.
   Form of rule for a default, for want of a plea.
   It seems,   that special bail are liable only to the amount in the *ac etiam.*
   Form of the rule to amend a declaration under the 8th general rule of *April* term,1796.
   This need not specify the particulars in which the amendment is  to be made :
   But may be general, that the plaintiff have leave to amend the declaration on file,
without saying how.